UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

FILED
MAR 31 2006

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | CR 05-40016 |
| Plaintiff, | * | |
| vs. | * | ORDER |
| REYES FABIAN OLIVERA-MENDEZ and SERJIO RUELAS, | * | |
| Defendants. | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

The Report and Recommendation is adopted and the Motion to Suppress of Defendant Reyes Fabian Olivera-Mendez, Doc. 52, is denied as is the Motion to Exclude Dog Certification Evidence, Doc. 88. The Report and Recommendation, Doc. 101, is adopted with the following comments.

With regard to the issues raised in objections to the Report and Recommendation, the initial traffic stop was not pretextual. Previous defense counsel made much of the lack of sufficient basis to extend the scope of the traffic stop. The bases discussed in the Report and Recommendation at pages 19 and 20 are minimally sufficient as a combination of factors to extend the scope of the traffic stop. The Report and Recommendation goes on to quote from *U.S. v. Morgan*, 270 F.3d 625, 631 (8th Cir. 2001) cert. den., 537 U.S. 849, 123 S.Ct. 192, 154 L.Ed.2d 79 (2002) "even if the facts had not been sufficient for reasonable suspicion...a short detention for a dog sniff would not violate the Fourth Amendment." This Court no longer believes that is the law because of *Illinois v. Caballes*, 543 U.S. 405, 125 S.Ct. 834 (2005). *Caballes* allows "the use of a well-trained narcotics-detection dog..." to sniff the exterior of a person's car while the person "was lawfully seized for a traffic violation." *Caballes* at 409.

The present traffic stop had lasted over 14 minutes when the dog sniff search commenced.

The dog indicated shortly after starting the search. That is quite a long time for a traffic stop but the circumstances were somewhat unusual with among other things a photocopy of a driver's license and a duplicate license plate. The response to the check by radio of the Washington state driver's license was coming over the radio when the dog indicated.

In the present case the dog indicated just as driver's license information came over the radio so that is not a continuation of the stop after the traffic stop itself was completed to facilitate a search. The question is instead whether the traffic stop was unduly prolonged to facilitate the sniff search. Washington authorities were called regarding the duplicate driver's license 14 minutes after the stop. They radioed back that a license was issued to the Defendant. We do not know how long the Washington authorities took to do the driver's license search. That unknown time is added to the 14 minutes. The highway patrolman said it was a very short time. There is no contrary testimony as to specific times. The record does show that the initial stop was at 3:14 P.M. (R.57). At 3:23 P.M. the arresting officer called to get information on the Illinois temporary license plate. (R.74). At 3:28 P.M. the driver's license information was requested by the arresting officer by radio. (R.79). That request was made 14 minutes after the original stop. The response to the inquiry on the Washington driver's license was coming over the radio when the dog indicated. We know the sniff search had started just shortly before that response because the dog indicated shortly after starting the search. We do not know how long after 14 minutes it was that the sniff search started. We do not know how the request for the Washington driver's license information was made. Did the request presumably go to the South Dakota patrol dispatcher who in turn requested the information from Washington, and the information was ascertained in Washington, relayed back to the South Dakota dispatcher who in turn relayed that Washington driver's license information to the officer at the scene? What time would that take? Five minutes, ten minutes? We do not know. The next time in the record is that by 4:13 P.M. the officers were going to have the vehicle towed for further searching but by that time much had happened, mainly an unfruitful search of a vehicle to which the dog had alerted.

In a post-*Caballes* discussion, the Seventh Circuit observed that under the facts of that

case, if the dog:

> ... alerted within 5 or 10 minutes of [the Defendant] being pulled over, that would likely be a reasonable amount of time for [the officer] to still be responding to the traffic violation. But if the alert happened 19 minutes into the stop, perhaps not. *See People v. Cox*, 202 Ill.2d 462, 270 Ill.Dec. 81, 782 N.E. 2d 275, 279-80 (2002) (cited with approval in *Caballes, 125 S.Ct. at 837*, and holding that 15-minute stop to issue ticket or citation for missing rear registration light was an unreasonably long detention.)

*U.S. v. Garrett*, 139 Fed.Appx. 720 (7th Cir. 2005). (Unpublished opinion)

A final determination of whether this stop was impermissibly extended would take a further development of the record to be able to better approximate what was done after the first 14 minutes and how long those steps probably took. It appears that this might have been an unreasonably long detention but that final determination cannot be made on this record. The record is not now further developed on this point because the Motion to Suppress is denied on the basis of the probable cause to extend the scope of the traffic stop as found by Judge Simko.

Parties should be aware that dog training and certification information should be made readily available to the defense, especially in view of the additional importance given to dog searches by the Supreme Court in *Garrett*. Dogs are not machines. They, even the best of them, prove time and again that they are fallible, as are their handlers. Training is for both dogs and their handlers. This dog was minimally qualified and inquiry into dog qualifications and performance is and will continue to be a valid area of inquiry. A certificate in and of itself that a dog passed some tests is not cart blanche with nothing more to uphold searches every time any dog with a certificate in some way indicates. Accordingly,

IT IS ORDERED:

1. That the Defendant's Objections to the Magistrate Judge's Report and Recommendation are DENIED and the Magistrate Judge's Report and Recommendation is ADOPTED by the Court, and Defendant's Motion to Suppress Evidence, Doc. 101, is DENIED, and the Motion to Prohibit the Government from Introducing Documentary or Tangible Evidence with

Regard to Certification or Qualifications of Drug Dog or Handler, Doc. 88, is DENIED.

Dated this 31st day of March, 2006.

BY THE COURT:

*(signature)*
Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: *Shelly Margulies*
　　　　DEPUTY